| Attorney or Party Name, Address, Telephone & FAX Nos.:, State Bar No. & Email Address<br>**David Lozano 164806**<br>**Lozano Law Center, Inc.**<br>**1900 W. Garvey Avenue South, Suite 240**<br>**West Covina, CA 91790**<br>**(626) 802-5680 Fax: (626) 209-0221**<br>**164806**<br>**notices@dlbklaw.com**<br><br>☐ *Individual appearing without attorney*<br>☑ *Attorney for:* Debtor | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| List all names (including trade names) used by the debtor within the last 8 years:<br><br>**Martin Garcia**<br>    **DBA Martin's Trucking**<br>**Ana Maria Garcia**<br><br><br><br><br><br>Debtor(s). | CASE NO.:. **6:17-bk-19385-MJ**<br><br>CHAPTER **13**<br><br> **FOURTH AMENDED**<br>**CHAPTER 13 PLAN** <br><br>**CREDITORS MEETING:**<br>Date:    **12/18/17**<br>Time:    **8:00AM**<br>Place:   **3801 University Ave., Room 101, Riverside, CA 92501**<br><br>**CONFIRMATION HEARING:**<br>Date:    **12/18/17**<br>Time:    **1:30PM**<br>Place:   **3420 Twelfth St., Courtroom, 301, Riverside, CA 92501** |
|---|---|

**NOTICE**

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. § 1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the chapter 13 trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                                 Page 1                                                    **F3015-1.01.CHAPTER13.PLAN**

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

**I.  PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

The Debtor submits the following to the supervision and control of the chapter 13 trustee:

A.  Payments by Debtor of **$5,047.00** per month for **60** months. This monthly Plan Payment will begin within 30 days of the date the petition was filed.

B.  The base plan amount is $ **302,820.00** which is estimated to pay **91** % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the chapter 13 trustee may increase the percentage to be paid to creditors accordingly.

C.  Amounts necessary for the payment of postpetition claims allowed under 11 U.S.C. § 1305.

D.  Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the chapter 13 trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The chapter 13 trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the chapter 13 trustee's account. The chapter 13 trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

E.  Other property:  (*specify property or indicate none*)
    **NONE**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 2    F3015-1.01.CHAPTER13.PLAN

**II.   ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**
Except as otherwise provided in the Plan or by court order, the chapter 13 trustee shall disburse all available funds for the payment of claims as follows:

A.   ORDER OF PAYMENTS:

  1. If there are Domestic Support Obligations, the order of priority shall be:

     (a) Domestic Support Obligations and the chapter 13 trustee's fee not exceeding the amount accrued on payments made to date;

     (b) Administrative expenses (Class 1(a)) in an amount not exceeding _____% of each Plan Payment until paid in full;

  2. If there are no Domestic Support Obligations, the order of priority shall be the chapter 13 trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding __% of each Plan Payment until paid in full.

  3. Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the chapter 13 trustee from the Plan Payment; such secured debt may be paid by the chapter 13 trustee commencing with the inception of Plan Payments.

  4. Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

  5. No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                      *Page 3*                                      **F3015-1.01.CHAPTER13.PLAN**

B. CLASSIFICATION AND TREATMENT OF CLAIMS:

| CLASS 1 |||||||
|---|---|---|---|---|---|---|
| **ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507** |||||||
| The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4). |||||||
| | CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| a. | Administrative Expenses ||||||
| (1) | Chapter 13 trustee's fee – estimated at **11**% of all payments to be made to all classes through this Plan. ||||||
| (2) | Attorney's Fees | $1,000.00 | | $1,000.00 | 1 | $1,000.00 |
| (3) | Chapter 7 trustee's fees | | | | | |
| (4) | Other | | | | | |
| b. | Other Priority Claims ||||||
| (1) | Internal Revenue Service | | | | | |
| (2) | Franchise Tax Board | | | | | |
| (3) | Domestic Support Obligation | | | | | |
| (4) | Other | | | | | |
| | Franchise Tax Board | $4,300.00 | 0% | $716.67 | 6 | $4,300.00 |
| | Internal Revenue Service | $19,300.00 | 0% | $3,216.67 | 6 | $19,300.00 |
| c. | Domestic Support Obligations that are not to be paid in full in the Plan (*specify creditor name*): ||||||
| | | | | | | |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 4                                    F3015-1.01.CHAPTER13.PLAN

### CLASS 2

**CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES AFTER THE FINAL PLAN PAYMENT IS DUE**

1. ☐ The postconfirmation monthly mortgage payment will be made by the chapter 13 trustee from the Plan Payment to:

2. ☑ The postconfirmation monthly mortgage payment will be made by the Debtor directly to:

| **Wells Fargo Bank Nevada, N.A.** | xxxxxxxxxxxxx0001 |
|---|---|
| (name of creditor) | (last 4 digits of account number) |
| **Wells Fargo Home Mortgage** | xxxxxxxx5493 |
| (name of creditor) | (last 4 digits of account number) |

**The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.**

| | | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| Name of Creditor | Last 4 Digits of Account Number | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| Wells Fargo Bank Nevada, N.A. | xxxxxxxxxxxxx0001 | $296.99 | 0 | $6.75 | 44 | $296.99 |
| Wells Fargo Home Mortgage | xxxxxxxx5493 | $7,270.53 | 0 | $165.24 | 44 | $7,270.53 |

### CLASS 3

**CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN**

| Name of Creditor | Last 4 Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| Cornerstone Financial Servicing | xxxxxxxxxxx3122 | $164,866.20 | $164,866.20 | 7.50 | $4,294.39 | 44 | $188,953.00 |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                    Page 5                    F3015-1.01.CHAPTER13.PLAN

## CLASS 4

**OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE**

1. ☐ The postconfirmation monthly payment pursuant to the promissory note will be made by the chapter 13 trustee from the Plan Payment to:

2. ☐ The postconfirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

_____  _____
(name of creditor)                                   (last 4 digits of account number)

_____  _____
(name of creditor)                                   (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.**

| Name of Creditor | Last 4 Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |

## CLASS 5

**NON-PRIORITY UNSECURED CLAIMS**

The Debtor estimates that non-priority unsecured claims total the sum of **$56,619.10**.

Class 5 claims will be paid as follows:

(Check one box only.)

☑ Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.
OR
☐ Class 5 claims will be divided into subclasses as shown ~~on the attached exhibit~~ *directly below* (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

### III. COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $**51,629.42** which is estimated to pay **91** % of the scheduled nonpriority unsecured debt.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 6                    **F3015-1.01.CHAPTER13.PLAN**

IV. **PLAN ANALYSIS**

|  |  |
|---|---:|
| **CLASS 1a** | $1,000.00 |
| **CLASS 1b** | $23,600.00 |
| **CLASS 1c** | $0.00 |
| **CLASS 2** | $7,567.52 |
| **CLASS 3** | $188,953.00 |
| **CLASS 4** | $0.00 |
| **CLASS 5** | $51,690.48 |
| **SUB-TOTAL** | $272,811.00 |
| **CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise)** | $30,009.00 |
| **TOTAL PAYMENT** | $302,820.00 |

V. **OTHER PROVISIONS**

A. The Debtor rejects the following executory contracts and unexpired leases.
   **Name of Other Party:**               **Description of contract/lease:**
   -NONE-

B. The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):
   **Name of Other Party:**               **Description of contract/lease:**
   -NONE-

C. In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:
   **Creditor Name:**                     **Monthly Payment:**
   George Viallobos                       $200.00

D. The Debtor hereby surrenders the following personal or real property. (*identify property and creditor to which it is surrendered*):
   **Creditor Name:**                     **Description:**
   -NONE-

E. The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F. Miscellaneous provisions: (*use attachment, if necessary*):

   **BH Financial Services: Debtor(s) filed motion to avoid lien on December 13, 2017.**

   **Cavalry Portfolio Services: Debtor(s) filed motion to avoid lien on December 13, 2017.**

   **Cavalry Portfolio Services: Debtor(s) filed motion to avoid lien on December 13, 2017.**

   **LVNV Funding LLC: Debtor(s) filed motion to avoid lien on December 13, 2017.**

   **Target National Bank: Debtor(s) filed motion to avoid lien on December 13, 2017.**

G. The chapter 13 trustee is authorized to disburse funds after the date confirmation is announced in open court.

H. The Debtor will pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities as they come due.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    *Page 7*                    F3015-1.01.CHAPTER13.PLAN

    I.   The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

## VI. REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the chapter 13 trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Date: December 14, 2017

David Lozano 164806
164806
Attorney for Debtor

Martin Garcia
Debtor

Ana Maria Garcia
Joint Debtor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**Lozano Law Center
1900 W. Garvey Avenue South, Suite 240
West Covina, CA 91790**

A true and correct copy of the foregoing document entitled (*specify*): **FOURTH AMENDED CHAPTER 13 PLAN**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) December 14, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Rod Danielson (TR)    notice-efile@rodan13.com
David Lozano    notices@dlbklaw.com, mylozanoecfmail@gmail.com;R44560@notify.bestcase.com
Valerie Smith    claims@recoverycorp.com
John Tamburo    john.tamburo@wellsfargo.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
Dennis Winters    winterslawfirm@cs.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) December 14, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Meredith A. Jury
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 325
Riverside, CA 92501-3819

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/14/17 | Diana Tellez | /s/ Diana Tellez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                     **F 9013-3.1.PROOF.SERVICE**

```
Label Matrix for local noticing          Riverside Division                     Allied Collections
0973-6                                    3420 Twelfth Street,                   9301 Oakdale Avenue, Suite 205
Case 6:17-bk-19385-MJ                     Riverside, CA 92501-3819               Chatsworth, CA 91311-6547
Central District of California
Riverside
Thu Dec 14 15:30:12 PST 2017

Amsher Collection Services                BH Financial Services                  (p)CAVALRY PORTFOLIO SERVICES LLC
4524 Southlake Parkway                    1017 La Cienega Blvd., #310            500 SUMMIT LAKE DR
Hoover, AL 35244-3271                     West Hollywood, CA 90069-4163          STE 400
                                                                                 VALHALLA NY 10595-2322


Cavalry Portfolio Services                Cornerstone Financial Servicing        Corporate Trust Recovery
500 Summit Care Drive, Suite 400          4310 Redwood Hwy # 100                 111 W. Bastanchury Road, Suite 1G
Valhalla, NY 10595-2322                   San Rafael, CA 94903-2145              Fullerton, CA 92835-2527


Equifax                                   Experian - Credit Bureau               FRANCHISE TAX BOARD
P.O. Box 740241                           Corporate Headquarters                 BANKRUPTCY SECTION MS A340
Atlanta, GA 30374-0241                    475 Anton Blvd.                        PO BOX 2952
                                          Costa Mesa, CA 92626-7037              SACRAMENTO CA 95812-2952


First Electric Bank                       First Electronic Bank/GBS              Franchise Tax Board
2150 South 1300 East, Suite 400           P.O Box 4499                           Attention: Bankruptcy Department
Salt Lake City, UT 84106-4336             Beaverton, OR 97076-4499               P.O. Box 942857
                                                                                 Sacramento, CA 94257-0001


Franchise Tax Board                       Franchise Tax Board                    George Viallobos
Attention: Bankruptcy Department          P.O. Box 2952                          532 S Gerhart Ave
P.O. Box 942867                           Sacramento, CA 95812-2952              Los Angeles CA 90022-2726
Sacramento, CA 94267-0001


Hunt & Henriques                          (p)INTERNAL REVENUE SERVICE            Internal Revenue Service
151 Bernal Road, Suite 8                  CENTRALIZED INSOLVENCY OPERATIONS      Centralized Insolvency Operation
San Jose, CA 95119-1491                   PO BOX 7346                            Post Office Box 7346
                                          PHILADELPHIA PA 19101-7346             Philadelphia, PA 19101-7346


Internal Revenue Service                  LVNV Funding LLC                       San Bernardino Superior Court
Insolvency Remittance                     Attn: Bankruptcy                       172 W. 3rd Street
Post Office Box 7317                      P.O. Box 9134                          San Bernardino, CA 92415-0320
Philadelphia, PA 19101-7317               Needham Heights, MA 02494-9134


San Bernardino Superior Court             San Bernardino Superior Court          San Bernardino Superior Court - CIV
385 N. Arrowhead Ave, 4th Floor           655 W. 2nd Street                      Case No: CIVDS1306885 LVNV v Garcia
San Bernardino, CA 92415-0103             San Bernardino, CA 92415-0001          303 W. Third Street
                                                                                 San Bernardino, CA 92415-0210


San Bernardino Superior Court8            Stanley L. Moerbeek, Esq.              T Mobile/T-Mobile USA Inc
247 W. Third Street                       285 Imperial Hwy, Suite 103            by American InfoSource LP as agent
San Bernardino, CA 92415-0240             Fullerton, CA 92835-1048               PO Box 248848
                                                                                 Oklahoma City, OK  73124-8848
```

| | | |
|---|---|---|
| Target National Bank<br>3901 West 53rd Street<br>Sioux Falls, SD 57106-4221 | Trans Union - Credit Bureau<br>P.O. Box 2000<br>Chester, PA 19016-2000 | United States Trustee (RS)<br>3801 University Avenue, Suite 720<br>Riverside, CA 92501-3255 |
| Wells Fargo Bank Nevada, N.A.<br>P.O. Box 31557<br>Billings, MT 59107-1557 | Wells Fargo Bank, N.A.<br>Home Equity Group<br>1 Home Campus X2303-01A<br>Des Moines, IA 50328-0001 | (p)WELLS FARGO BANK NA<br>WELLS FARGO HOME MORTGAGE AMERICAS SERVICING<br>ATTN BANKRUPTCY DEPT MAC X7801-014<br>3476 STATEVIEW BLVD<br>FORT MILL SC 29715-7203 |
| Wells Fargo Home Mortgage<br>P.O. Box 51120<br>Los Angeles, CA 90051-5420 | Ana Maria Garcia<br>9575 Date Street<br>Fontana, CA 92335-5618 | David Lozano<br>Lozano Law Center, Inc.<br>1900 W Garvey Ave S Ste 240<br>West Covina, CA 91790-2655 |
| MARTIN GARCIA<br>9575 Date Street<br>Fontana, CA 92335-5618 | Rod Danielson (TR)<br>3787 University Avenue<br>Riverside, CA 92501-3332 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Cavalry Portfolio Services<br>4050 East Cotton Center Boulevard<br>Phoenix, AZ 85040 | (d)Cavalry Portfolio Services<br>7 Skyline Drive, 3rd Floor<br>Hawthorne, NY 10532 | Internal Revenue Service<br>300 N. Los Angeles Street<br>Los Angeles, CA 90012-9903 |
| (d)Internal Revenue Service<br>Attention: Bankruptcy Department<br>P.O. Box 21126<br>Philadelphia, PA 19114 | (d)Internal Revenue Service<br>Insolvency 1 Stop 5022<br>300 N. Los Angeles Street, Rm. 4062<br>Los Angeles, CA 90012-9903 | (d)Internal Revenue Service<br>Insolvency Group<br>290 North D Street<br>San Bernardino, CA 92401 |
| (d)Internal Revenue Service<br>Payment Department<br>P.O. Box 21125<br>Philadelphia, PA 19114 | Wells Fargo Home Mortgage<br>8480 Stagecoach Circle<br>Frederick, MD 21701 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Cornerstone Financial Services Inc | (u)Courtesy NEF | (u)WELLS FARGO BANK, N.A. |

End of Label Matrix
Mailable recipients    40
Bypassed recipients     3
Total                  43